

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-30-2007

# Day v. Fed Bur Prisons

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3911

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Day v. Fed Bur Prisons" (2007). *2007 Decisions.* Paper 1180.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1180

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-187                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3911
_____

TIMOTHY A. DAY,

Appellant

v.

FEDERAL BUREAU OF PRISONS; SIS LIEUTENANT J. MULDANADO; WARDEN
CHARLES E. SAMUELS, JR.; CAPTAIN ODOM
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-03339)
District Judge: Honorable Robert B. Kugler
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6

April 5, 2007

Before: RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>

(Filed:  April 30, 2007)
_____

OPINION
_____

PER CURIAM

        Timothy A. Day, an inmate confined at FCI-Fort Dix, New Jersey, timely appeals

from the district court's order, entered on August 15, 2006, dismissing his pro se

complaint with prejudice.[1]  See 28 U.S.C. § 1915(e)(2)(B)(i-ii); see also 28 U.S.C. §

1915A(b)(1); 42 U.S.C. § 1997e.  For the following reasons, we will likewise dismiss

Day's in forma pauperis appeal.[2]  See id.

Day asserted that on December 28, 2005, he checked into protective custody

because he perceived himself to be in danger of harm from other inmates.  Soon

thereafter, Lt. Muldanado, a named defendant, conducted an investigation into Day's

claims.  Lt. Muldanado recommended that Day be returned to the prison's "compound,"

i.e., general population, because, according to Day, Lt. Muldanado found that "none of

---

[1] Day commenced this civil rights action under Bivens v. Six Unknown Named
Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  The Bivens Court
"recognized for the first time an implied private action for damages against federal
officers alleged to have violated a citizen's constitutional rights."  Corr. Servs. Corp. v.
Malesko, 534 U.S. 61, 66 (2001).  To establish a Bivens claim, a claimant must show a
constitutional violation by a federal agent acting under color of federal authority.  See
Carlson v. Green, 446 U.S. 14, 18 (1980).

[2] This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  Our
review of the district court's dismissal order is plenary.  See Allah v. Seiverling, 229 F.3d
220, 222 (3d Cir. 2000).  In determining the sufficiency of a pro se complaint, this court
is mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S.
519, 520-21 (1972); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  "[W]e
must accept as true the factual allegations in the complaint and all reasonable inferences
that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  We need
not, however, credit a pro se litigant's "bald assertions" or "legal conclusions."  Morse v.
Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Because Day is proceeding in forma pauperis on this appeal, we will analyze his
appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B), an action or appeal
can be frivolous for either legal or factual reasons.  See Neitzke v. Williams, 490 U.S.
319, 325 (1989).

the inmates of threat to [Day] admitted there was a problem." Under this recommendation, and pursuant to BOP policy, Day was ordered to return to the compound. Day refused this assignment. Day alleged that he was then awarded a disciplinary infraction for "refusing to work or accept a program assignment." Day further asserted that he was informed by Lt. Muldanado that if he continued to refuse to return to the compound, officials at FCI-Fort Dix would continue charging him with disciplinary infractions eventually resulting in his transfer to a higher security facility. Day claimed that a transfer to such a facility would again place him in a precarious environment. To resolve this dilemma, Day sought injunctive relief transferring him to a different low-security facility in the region and monetary damages. The district court dismissed Day's complaint for failing to state a claim. See 28 U.S.C. § 1915(e)(2)(B).

Under the Eighth Amendment, at a minimum, prison officials have a duty to provide humane conditions of confinement, including "adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-527 (1984)); see also Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992). Accordingly, the Eighth Amendment imposes a duty upon prison officials to protect prison inmates from violence at the hands of other prisoners. See Farmer, 511 U.S. at 833. To prevail on a claim for injunctive relief in a failure-to-protect case, two requirements must be met. First, an inmate must allege that he is "incarcerated under conditions imposing a substantial risk of serious harm." Id. at 834. Second, the

-3-

official(s) involved must have acted with deliberate indifference to an inmate's health or safety. See id. This second prong requires an actual, subjective appreciation of a substantial risk. See id. at 837-38; see also Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996).

Day's allegations failed to satisfy either of these two requirements. First, under an objective analysis, Day has not alleged that any harm has ever befallen him. Day has, in fact, conceded that he is not currently housed in the general population, but remains in protective custody. This court has held that an inmate need not wait until an actual assault takes place to gain protection. See Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985). But where an attack has not occurred there must be a "pervasive risk of harm" from other prisoners. Id. Further, "[a] pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." Id. Day has failed to assert a pervasive risk of harm, putting forth merely the conclusory allegation that he is in "grave danger." Thus, Day falls short of alleging that the risk to which he was purportedly subjected was substantial.

Second, Day's allegations have failed to satisfy the subjective component. "Whether . . . prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that . . . prison official[s] knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842

(internal citations omitted).  But deliberate indifference is more than a mere lack of ordinary due care—it is a state of mind equivalent to a reckless disregard of a known risk of harm.  See id. at 835.  Day's assertions in this regard are conclusory.  Day failed to allege facts which suggest that prison officials were informed of any specific threat of harm against him.  In fact, Day alleged that after conducting an investigation, Lt. Muldanado found no threat of harm to Day from other inmates.  As the district court pointed out, since no substantial risk to Day could have been obvious to prison officials, those same officials could not have recklessly disregarded such a risk.[3]  Cf. id. at 842; see also Hamilton v. Leavy, 117 F.3d 742, 747-48 (3d Cir. 1997).

The district court did not err by failing to grant Day an opportunity to amend his complaint.  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit an amendment.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C.

---

[3] To the extent that Day's complaint may be viewed as alleging a violation of due process, it is similarly flawed.  Prison disciplinary proceedings may constitute a denial of due process in the context of a civil rights action when they are instituted for the sole purpose of retaliating against an inmate for his exercise of a constitutional right.  See Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002).  A prisoner's allegations concerning retaliation must include the following: "(1) constitutionally protected conduct, (2) an adverse action by prison officials 'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,' and (3) 'a causal link between the exercise of his constitutional rights and the adverse action taken against him.'"  Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)).  Day's retaliation claim would plainly fail this test, insofar as Day failed to allege that his exercise of a constitutional right had anything to do with the prison officials' decision to award him disciplinary sanctions.

§ 1915(e)(2)); see also Shane v. Fauver, 213 F.3d 113, 115-16 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)). But when an amendment would prove "inequitable or futile," no such permission is required. Grayson, 293 F.3d at 108; see also Shane, 213 F.3d at 115 ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.") Given our preceding discussion, we find that there was no need to provide Day an opportunity to further amend his complaint because any amendment would have proved futile. Thus, as we cannot conceive of any viable federal claim that Day could have brought on the facts alleged, it is plain that the district court's dismissal was correct.

Accordingly, this appeal will be dismissed under 28 U.S.C. § 1915(e)(2)(B).